# Richmond.

BOHN v. NEWTON AND ALS.

FEBRUARY 24th, 1886.

1. EVIDENCE—*Memorandum of agreement.*—At trial of action of trespass on the case for breach of contract in writing signed by the defendant, and binding him to build on a lot and pay ground rent for a term of years, the said contract is admissible as evidence in behalf of the plaintiff, although it may have been a mere memorandum of an agreement to be afterwards substituted by a formal lease.

2. INSTRUCTIONS.—At such a trial as is mentioned in the first paragraph, instructions given by the court on the motion of the plaintiff to the effect that if defendant executed the contract to build and lease, he was bound by it, and that one party could not rescind a contract at his pleasure; and that if the contract was mutually rescinded and a new one made, then the defendant was not bound by the first, but by the second, are not erroneous.

3. NEW TRIALS—*Conflicting evidence—Evidence certified.*—Where in action for damages for breach of contract there has been two mistrials, and at third the evidence is greatly contradictory and the court below has refused a new trial, and certified the evidence, and not the facts proved, this court will not disturb the verdict.

Error to judgment of corporation court of Norfolk city, rendered May 10th, 1872, in an action of trespass on the case wherein Courtney T. Newton and als. were plaintiffs, and Casimere Bohn was defendant, for damages for breach of contract to build, &c. Verdict was for plaintiff for $500 and judgment accordingly. To this judgment a writ of error and *supersedeas* was awarded here November 1st, 1872, since when the case has remained upon the docket of this court, having been from time

to time continued and several times sent to the foot of the docket, where, being reached in due course again (on 19th February, 1886), it was submitted on the record and petition without argument, printed or oral.

Opinion states the case.

*R. G. Scott* and *W. W. Cosby*, for plaintiff in error.

*Scarbrough & Duffield*, for the defendants in error.

LACY, J., delivered the opinion of the court.

The petition assigns five errors, which will be considered hereafter.

The case is briefly as follows:

On the 31st of July, 1865, the plaintiff in error leased a lot in the city of Norfolk of the defendants in error by written contract of that date, by which the said plaintiff in error agreed to build upon the said lot at his own expense, paying a ground rent to the defendant in error for a term of years.

The whole block, consisting of nine houses or tenements, had been destroyed by fire in 1863, and the ruins were upon the ground. The lessees other than the plaintiff in error (the other lessees taking the contiguous lots), and the plaintiff in error agreed together to build conjointly, to clean the bricks at joint expense, divide the good bricks into nine equal parts, there being nine lots, and to construct the several houses upon an agreed plan. These lessees, the plaintiff in error, together with the others, took possession and commenced operations. The leases were identical, except that while the other lessees were to build during that year, the plaintiff in error was to begin in the month of May, 1866. The plaintiff in error subsequently to his taking possession and commencing operations in the

manner above stated, abandoned the enterprise and refused to erect the building on his lot.

In February, 1868, the defendants in error brought their action of trespass on the case against the said plaintiff, for breach of his contract and damages therefor. The case came on for trial when much evidence was heard on both sides, and the jury failed to agree and were discharged. A second trial was had with like result, the evidence being conflicting. But upon a third trial there was a verdict and judgment for the plaintiff below for $500. The defendant moved the court to set the verdict aside as contrary to the law and the evidence, which motion the court overruled; whereupon the plaintiff in error applied for and obtained a writ of error to the said judgment.

The first error assigned by the plaintiff in error is that the court erred in admitting in evidence the written agreement signed by the said plaintiff in error, upon the ground that it was not the lease finally executed between the parties, but merely a memorandum of an agreement, to be afterwards substituted by a formal lease. Citing Taylor on Landlord and Tenant, p. 23. This action was for damages for the breach of that very agreement, the defendant (the plaintiff in error here) refusing to complete the building or to take any other lease or make any other agreement. This paper constituted the first step in the plaintiffs' case, was the foundation for his action, and was properly admitted as evidence; there was no ground whatever for its exclusion. This was not an action to recover rent under the lease which was never executed, but was an action for damages for failure to comply with the terms of this contract.

The second assignment of error is that the court permitted the witness Hull to testify as to matter which was illegal and improper. The petition does not disclose in what this testimony was illegal and improper, and no impropriety nor ille-

gality appears in his testimony. The objection that the witness' testimony could not affect the defendant could not properly be sustained, because he was the architect employed by the defendant and the other lessees to run the lines and lay off the plan for their several buildings, and the defendant was present and clearly a party to the proceeding.

The third assignment of error is that the instructions given were manifestly illegal and founded in error; how they are considered illegal and founded in error is not disclosed. An inspection of the instructions does not show any illegality or error in them; the effect of the instructions is that the defendant, if he executed the contract to build and lease, was bound by it, and that one party cannot, at his pleasure, rescind a contract; but if the contract was mutually rescinded, and a new one made as claimed, then the defendant was not bound by the first, but by the second. We think there was no error in giving the instructions given by the court.

The fourth and last assignment of error is that the court erred in overruling the motion of the defendant for a new trial, upon the ground that the verdict was contrary to the law and the evidence.

In this case the evidence is certified, and not the facts proved. There was great conflict in the evidence, it being very contradictory—there were two mistrials—the jury at the trial passed upon the weight of the evidence, which, in such a case as this, was their province; and we think the corporation court of Norfolk did right in not setting aside the verdict, and, upon well established principles, the judgment cannot be disturbed in this court.

We are of opinion that there is no error in the said judgment of the corporation court of Norfolk, and the same must be affirmed.

JUDGMENT AFFIRMED.